UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHAQUITA JEFFERSON                                                          PLAINTIFF

VS                                         CIVIL ACTION NO. 1:25-cv-00167-RPC-DAS

NEURALOGIX MANAGEMENT, LLC,
PEDIATRUST COLUMBUS, LLC and
GULFCO OF MISSISSIPPI, LLC                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On October 16, 2025, Plaintiff Shaquita Jefferson ("Jefferson"), through counsel, filed a Complaint against Pediatrust Columbus, LLC alleging multiple counts of race discrimination as well as a count for wrongful termination/retaliation. [Doc. 1]. Subsequently, on December 12, 2025, after her counsel withdrew [Doc. 5], Jefferson, proceeding pro se, filed an Amended Complaint against Defendants Pediatrust Columbus, LLC ("Pediatrust"), Neuralogix Management, LLC ("NLM"), and Gulfco of Mississippi, LLC ("Gulfco") alleging claims of "race discrimination, retaliation, and financial malice orchestrated by the single integrated enterprise." [Doc. 8]. This matter is presently before the Court on Pediatrust's Motion to Dismiss Plaintiff's Amended Complaint and Alternatively, Motion to Sever [Doc. 44]. For the reasons outlined below, the Court **DENIES without prejudice** the Motion to Dismiss and Alternatively, Motion to Sever, and **ORDERS** the Plaintiff to file a superseding Second Amended Complaint within 21 days of this Order.

"At the outset, the Court notes that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." ***Dedeaux v. Hancock Cnty.***, No. 1:24-CV-14-TBM-RPM, 2025 WL 510978, *1 (S.D. Miss. Jan. 24, 2025). Pediatrust has proceeded with their motion addressing the Amended Complaint as the operative pleading. [Doc. 45]. This is because "[a]n

1

amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Id*. (citing **King v. Dogan**, 31 F.3d 344, 346 (5th Cir. 1994) (internal citations omitted)). Jefferson was initially represented by counsel, but is now proceeding pro se. Her Amended Complaint was filed pro se.

The Court finds that Jefferson has, at the very least, made an attempt to incorporate her original Complaint by reference. *See* F.R.C.P. 10(c); *also see* **Solis v. Barber**, No. 3:20-CV-00765-E (BT), 2022 WL 19039625 (N.D. Tex. May 4, 2022). She notes in her opening sentence that she "hereby amends her Complaint," clearly referencing the earlier pleading. She continues that she is "detailing specific facts" demonstrating the race and retaliation claims from the original document as well as two additional claims while adding two additional defendants.[1]

It is confusing as to which, if any, claims or factual assertions Jefferson has deserted. However, while not a model of pleading by incorporation, fairness dictates that Jefferson be given a chance to clarify her claims. To that end, the Court will allow Jefferson 21 days from the date of this Order to file a superseding Second Amended Complaint. This pleading shall not incorporate any prior pleading but must, instead, assert all facts and claims upon which Jefferson wishes to proceed and must include, by attachment, any exhibits she wishes to include from the prior filing or that she otherwise wishes to be considered with the Second Amended Complaint.

Accordingly, based on the foregoing analysis, it is thereby ordered that Pediatrust's Motion to Dismiss and Alternatively, Motion to Sever [Doc. 44] is **DENIED without prejudice**. Further, Jefferson is hereby **ORDERED** to file a superseding Second Amended Complaint, conforming to

---

[1] The Court readily notes that several claims made in the Amended Complaint could potentially be disposed of at this stage. However, in the interest of judicial expediency, the Court will withhold addressing those issues until such time as Jefferson files her Second Amended Complaint.

the requirements of this Order, on or before **June 17, 2026**. Nothing in this Order prohibits Pediatrust from renewing their motion after the June 17, 2026 deadline.

This the 27th day of May, 2026

UNITED STATES DISTRICT JUDGE