**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**SHAQUITA JEFFERSON**                                                **PLAINTIFF**

**VS**                                          **CIVIL ACTION NO. 1:25-cv-00167-RPC-DAS**

**NEURALOGIX MANAGEMENT, LLC,**
**PEDIATRUST COLUMBUS, LLC and**
**GULFCO OF MISSISSIPPI, LLC**                                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Gulfco of Mississippi, LLC's ("Gulfco") Motion to Dismiss and/or Compel Arbitration [Doc. 68] pursuant to Rule 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure as well as 9 U.S.C. § 1 et seq.  Plaintiff Shaquita Jefferson has responded in opposition to the motion.  [Doc. 71].[1]  For the reasons that follow, the Court finds that Gulfco's Motion to Compel Arbitration is **GRANTED** and the Motion to Dismiss is hereby denied as **MOOT**.  The parties are therefore ordered to submit the disputed matter to arbitration and the matter is hereby **STAYED** as to Gulfco.

### Procedural History

The facts of this matter are fully set forth in the Court's previous Memorandum Opinion and Order [Doc. 77] and are incorporated by reference herein.  Relevant to this decision, on June 23, 2026, Gulfco filed a Motion to Dismiss and/or Compel Arbitration, arguing, among other things, that Jefferson's claim against it was required to be resolved by arbitration pursuant to the parties' signed Installment Loan Agreement and Disclosure Statement ("Loan Agreement"), which

---

[1] Jefferson identifies Doc. 71 as her "Memorandum in Opposition to Defendant Pediatrust Columbus, LLC's Motion to Dismiss." *Id*.  However, despite the title, the arguments asserted in the memorandum are directed to and in response to Gulfco's motion.  Likewise, Doc. 72 is styled as an opposition to Gulfco's Motion to Compel Arbitration but seems to merely address Pediatrust's claims.

contains a valid Arbitration Agreement. [Doc. 68]. On July 2, 2026, Jefferson responded in opposition to the motion, arguing that her abuse of process claim against Gulfco falls outside the scope of the arbitration clause included in the Loan Agreement. [Doc. 71]. Having reviewed the briefs and arguments of the parties, the Court is ready to rule on the motion.

## STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") was enacted to "overcome judicial resistance to arbitration, and to declare a national policy favoring arbitration of claims that parties contract to settle in that manner." *Skiba v. Sasser*, No. 1:16cv444-HSO-JCG, 2017 WL 3981141, at *3 (S.D. Miss. Sept. 11, 2017). Under Section 4 of the FAA, "a party aggrieved by the failure of another party to arbitrate under a written agreement for arbitration may petition a federal court for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id*. *See also* 9 U.S.C. § 4.[2] Generally, courts in this district employ a "two-step analysis to determine whether to enforce an arbitration agreement by first determining whether the parties entered into a contractual arbitration agreement," and then assessing "whether the dispute at issue is covered by the arbitration agreement pursuant to contract law." *Skiba*, 2017 WL 3981141 at *3.

However, when the arbitration agreement contains a delegation clause, thereby "giving the arbitrator the primary power to rule on the arbitrability of a specific claim, the analysis changes." *Id*. ("[I]f the party seeking arbitration points to a purported delegation clause, the court's analysis

---

[2] 9 U.S.C.A. § 4 provides, in relevant part, that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

*Id*.

is limited."). First, the court will perform an analysis of the contract formation. *Id*. Upon the Court's finding that there is a valid agreement and its finding that a delegation clause exists within the agreement, the sole question then becomes whether the delegation clause "evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Id*. When a valid delegation clause exists, "the motion to compel arbitration should be granted in almost all cases." *Id*.

### **ANALYSIS**

"In determining whether a party should be compelled to arbitrate, this Court employs a two-step analysis." *Blake v. Murphy Oil USA, Inc.*, 1:10-CV-128-SAJ-AD, 2010 WL 3717245, at *1 (N.D. Miss. Sept. 14, 2010). The Court must determine "(1) whether the parties agreed to arbitrate the dispute, and (2) whether any federal statute or policy renders the claims nonarbitrable." *Hardaway v. Okees Used Auto Sales, Inc.*, 3:24-CV-330-HTW-LGI, 2025 WL 586666, at *1 (S.D. Miss. Feb. 24, 2025). Under the first prong, the Court must assess "whether a valid agreement to arbitrate exists; and (b) whether the dispute falls within the scope of that agreement." *Id*. "The FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed absent a ground for revocation of the contractual agreement." *Blake*, 2010 WL 3717245 at *1. Here, neither party disputes the validity of the subject arbitration agreement.[3] Thus, the Court's analysis is limited to the second question: whether the dispute falls within the scope of the agreement.

---

[3] On March 31, 2023, Jefferson executed an Installment Loan Agreement and Disclosure Statement identifying her as the Borrower and Gulfco d/b/a Tower Loan of Columbus as the Lender. [Doc. 68-1]. It is undisputed that the agreement contains a valid Arbitration Agreement, signed by Jefferson, which provides that:

> Borrower and Lender agree that if there are any disputes between them, those disputes will be resolved by arbitration. Any party may require the dispute or claim to be submitted to the arbitrator in accordance with this provision. The arbitrator's decision will be final and

Jefferson argues that her abuse of process claim against Gulfco is an "independent common law tort that cannot logically be subsumed by a standard consumer credit arbitration clause." [Doc. 71]. According to Jefferson, she "never contractually agreed to arbitrate intentional, external torts that weaponize court mechanisms for retaliatory purposes." *Id*. Thus, Jefferson contends that her claim arises from Gulfco's alleged tortious conduct which "does not originate from the operational terms of the loan contract itself" but instead "sits entirely outside the scope of the arbitration clause." *Id*.

The subject agreement however contains a delegation clause, which provides that: "[t]he Arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the Arbitration Agreement, or to the arbitrability of any claim or counterclaim." [Doc. 68-1]. This includes, but is not limited to, all claims and disputes arising out of, in connection with, or relating to: (A) the loan Jefferson is obtaining from Lender today and any other loans or retail installment contracts with Lender; (B) whether the claim or dispute must be arbitrated; (C) the validity of this arbitration agreement; (D) any negotiations or discussions between us; (E) all claims or disputes based upon Federal or State laws or regulations; and (F) claims or disputes involving or alleging breach of contract, fraud or misrepresentation (including fraud in the inducement), breach of fiduciary duty, breach of duty of good faith and/or fair dealing, negligence, torts, bad faith, and demands for punitive damages or attorney fees. *Id*.

---

binding on all parties. The parties agree that the funds loaned to Borrower were transactions in interstate commerce, that this loan involves interstate commerce, and that the Federal Arbitration Act applies to this transaction.

*Id*.

Page **4** of **5**

Courts in this district have consistently held that "[d]elegation clauses are enforceable and transfer the court's power to decide arbitrability questions to the arbitrator." *Skiba*, 2017 WL 3981141 at *3. Thus, any disputes about whether Jefferson's claim against Gulfco falls within the scope of the arbitration agreement must be decided by the arbitrator, not this Court. *Id*. at *5; *see also Reyna v. Int'l Bank of Com.*, 839 F.3d 373, 379 (5th Cir. 2016).

## CONCLUSION

Based on the findings above, the Court **GRANTS** Gulfco's Motion to Compel Arbitration [Doc. 68] and the Motion to Dismiss is hereby denied as **MOOT**. The parties are therefore ordered to submit the disputed matter to arbitration and the present action is hereby **STAYED** pursuant to 9 U.S.C § 3,[4] as to Gulfco only.

This the 12th day of August, 2026.

_____
**UNITED STATES DISTRICT JUDGE**

---

[4] 9 U.S.C. § 3 states: "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . ." *Id*.